**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYNTHIA SMITH, | NO. CV 12-2768-E |
|                Plaintiff, | |
|    v. | ORDER RE: "COUNSEL'S MOTION |
| CAROLYN W. COLVIN, Acting | FOR ATTORNEY FEES PURSUANT TO |
| Commissioner of Social Security, | 42 U.S.C. § 406(b)" |
|           Defendant. | |

On March 12, 2015, counsel for Plaintiff filed "Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)" ("the motion"). No person filed timely opposition to the motion. <u>See</u> Minute Order, filed March 12, 2015. Counsel for Plaintiff seeks attorneys fees in the amount of $5,406.39.

**BACKGROUND**

The Court previously remanded this matter to the Commissioner for further administrative action. The Commissioner subsequently awarded benefits to Plaintiff totaling $37,083. Plaintiff's counsel

represented Plaintiff under a contingent fee agreement providing for
fees in the amount of 25 percent of past-due benefits.

**APPLICABLE LAW**

Section 406(b)(1) of Title 42 provides:

Whenever a court renders a judgment favorable to a claimant
. . . who was represented before the court by an attorney,
the court may determine and allow as part of its judgment a
reasonable fee for such representation, not in excess of
25 percent of the total of the past-due benefits to which
the claimant is entitled . . . In case of any such judgment,
no other fee may be payable . . . for such representation
except as provided in this paragraph.  42 U.S.C. §
406(b)(1)(A).

According to the United States Supreme Court, section 406(b)

does not displace contingent-fee agreements as the primary
means by which fees are set for successfully representing
Social Security benefits claimants in court.  Rather,
§ 406(b) calls for court review of such arrangements as an
independent check, to assure that they yield reasonable
results in particular cases.  Congress has provided one
boundary line:  Agreements are unenforceable to the extent
that they provide for fees exceeding 25 percent of the past-
due benefits.  Within this 25 percent boundary . . . the

1    attorney for the successful claimant must show that the fee

2    sought is reasonable for the services rendered.  <u>Gisbrecht</u>

3    <u>v. Barnhart</u>, 535 U.S. 789, 807 (2002) (citations omitted)

4    ("<u>Gisbrecht</u>").

5

6    The hours spent by counsel representing the claimant and

7  counsel's "normal hourly billing charge for noncontingent-fee cases"

8  may aid "the court's assessment of the reasonableness of the fee

9  yielded by the fee agreement."  <u>Id.</u> at 808.  The Court appropriately

10  may reduce counsel's recovery

11

12    based on the character of the representation and the results

13    the representative achieved.  If the attorney is responsible

14    for delay, for example, a reduction is in order so that the

15    attorney will not profit from the accumulation of benefits

16    during the pendency of the case in court.  If the benefits

17    are large in comparison to the amount of time counsel spent

18    on the case, a downward adjustment is similarly in order.

19

20  <u>Id.</u> (citations omitted).

21

22              **DISCUSSION**

23

24    The fee sought does not exceed the agreed-upon 25 percent of

25  past-due benefits.  Neither "the character of the representation" nor

26  "the results the representative achieved" suggest the unreasonableness

27  of the fee sought.  Plaintiff's counsel was not responsible for any

28  significant delay in securing Plaintiff's benefits.  Because the

present case is legally indistinguishable from <u>Crawford v. Astrue</u>,
586 F.3d 1142 (9th Cir. 2009), this Court is unable to find that a
comparison of the benefits secured and the time Plaintiff's counsel
spent on the matter suggest the unreasonableness of the fee sought.
Therefore, the Court concludes that "the fee sought is reasonable for
the services rendered," within the meaning of <u>Gisbrecht</u>.


**ORDER**


   Section 406(b) fees are allowed in the gross amount of $5,406.39,
to be paid out of the sums withheld by the Commissioner from
Plaintiff's benefits.  Counsel shall reimburse Plaintiff in the amount
of $2,000, previously paid by the Government under the Equal Access to
Justice Act.


   IT IS SO ORDERED.


      DATED:  April 15, 2015.


                    _____/S/_____
                         CHARLES F. EICK
                    UNITED STATES MAGISTRATE JUDGE